## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ALAN M. DOMINGUEZ,**

      **Plaintiff,**

    **vs.**                                   **Civ. No. 09-1012 ACT**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration,**

      **Defendant.**

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Counsel's Application for Attorney

Fees From Past-Due Benefits Pursuant to FRCP 60(b)(6) and 42 U.S.C. §406(b)(1) [Doc. No.

30], filed on July 26, 2012 ("Motion").  Defendant filed a Response [Doc. No. 31] on August 13,

2012 ("Response").

      Having reviewed Plaintiff's Motion and Defendant's Response, and being otherwise fully

advised, the Court grants Plaintiff's Motion in part for the reasons set forth below.

## PROCEDURAL BACKGROUND

      On November 7, 2006, Plaintiff filed an application for Disability Insurance Benefits and

Supplemental Security Income.  His application was denied at the initial and reconsideration

level. [Tr. 86-95.] On February 24, 2009, the Administrative Law Judge ("ALJ") conducted a

hearing.  The ALJ issued an unfavorable decision.  The Appeals Council issued its decision

denying Plaintiff's request for review and upholding the final decision of the ALJ. [Tr. 1-13, 26,

29.]  On October 23, 2009, Plaintiff filed his Complaint for judicial review of the ALJ's

decision. [Doc. No. 1.]  On September 29, 2010, this Court entered a Memorandum Opinion and Order and Judgment remanding Plaintiff's claim for further administrative proceedings. [Doc. Nos. 25 and 26.]

On October 27, 2010, Plaintiff filed an Opposed Motion for Award of Attorney's Fees and Costs requesting the Court award reasonable attorney's fees in the amount of $5,768.30 pursuant to the Equal Access to Justice Act.  On November 16, 2012, Defendant filed its "Response in Opposition to Plaintiff's Application for Award of Attorney Fees and Costs." Defendant argued therein that one hour of Plaintiff's requested attorney compensation was clerical overhead expense, and that another one-half hour of Plaintiff's requested attorney compensation was work improperly billed because it involved her filing for an extension of time because counsel's "license had somehow lapsed and she needed to correct the problem before filing a brief." [Doc. 28 at 3.] The Defendant also argued that because the Plaintiff was an "IFP" litigant, he could not recover costs against the government.  All told, Defendant requested that Plaintiff's request for attorney's fees be reduced to $5,506.20 (32.2 hours x $171.00 per hour).  The Court agreed with Defendant.  On December 22, 2010, Plaintiff's attorney was awarded and authorized to collect $5,506.20 for services rendered in proceedings before the Social Security Administration under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. No. 29.]

On December 12, 2011, the ALJ, on remand, issued a decision in favor of Plaintiff. [Motion at 1.]  On May 26, 2012, Defendant determined that Plaintiff was entitled to past-due

SSDI benefits in the amount of $56,726.90.[1]  [Motion at 1, Ex. A.]  As a result of claimant's past-due benefits award, the Social Security Administration has retained $17,881.00, representing twenty-five (25%) of the total past due award, in order to pay any attorney's fees approved pursuant to 42 U.S.C. § 406(b). [Motion at 2.]

Plaintiff is requesting this Court authorize payment of attorney's fees in the amount of $17,881.00.  Plaintiff's counsel argues in support of this request that (1) the requested fee is reasonable; (2) Plaintiff and counsel entered into a contingent-fee agreement which specifies payment of an attorney fee of 25 percent of any past-due benefits awarded; (3) the character of the representation and the results achieved do not call for a downward adjustment in the fee; (4) counsel did not cause any excessive delay during the pendency of the case; and (5) the requested fee is not excessive in relation to the amount of time counsel spent on the case over a period of five (5) years." [Motion at 3-4.]  Plaintiff acknowledges that "Plaintiff will not be paid the full amount of any fee authorized . . . because counsel will refund to Plaintiff the amount of the EAJA fee previously awarded." [Id.]

Defendant "decline[d] to assert a position on the reasonableness of Plaintiff's request, as he is not a true party in interest." [Response at 1.]  However, Defendant asserts that his role "in the fee determination resembl[es] that of a trustee for the claimants," *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2000).  Defendant contends that based on counsel's reported 33.7[2] hours of

---

[1]  Plaintiff's Motion indicates that the past due benefit was $56,726.90, citing the May 26, 2012 Notice of Award.  However, Defendant's Response informs the Court that this amount was only the past due benefit for disability insurance benefits, and did not include the past due benefit for supplemental security income benefits.  The Commissioner's records indicate that the total past due benefit owned Plaintiff was $71,524.00. [Response at 4, fn. 1.]

[2]  As discussed above, Plaintiff's counsel's reported hours were reduced to 32.2 when the Court entered its Order Awarding Attorney Fees. [Doc. 29.]

representation in the case before the District Court, enforcement of the contingent fee agreement in this case "amounts to about $530.59 hour." [Response at 4.] Defendant also contends that Plaintiff requested two extensions in filing Plaintiff's opening brief, a delay of six weeks. [Id.] During that delay, Defendant argues, Plaintiff accumulated past due benefits of about $1,500. [Id.] In addition, Defendant contends that while the court may determine and allow a fee of twenty-five percent, the "court should not automatically approve a 406(b) fee request simply because it does not exceed the *maximum* allowed of 25% of the total of the past due benefits." [Response at 5.] (Emphasis in original.)

## **RELEVANT LAW**

Section 406(b) of Title 42 of the United States Code provides in pertinent part that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. 406(b)(1). The Tenth Circuit has "conclude[d] that § 406(b)(1) allows a district court to award attorneys' fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits. Of course, a predicate to a § 406(b)(1) fee award is that the claimant eventually be awarded past-due benefits, whether at the agency level or during further judicial proceedings." *McGraw v. Barnhart*, 560 F.3d 493, 503 (10th Cir. 2006). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to this statutory provision, "each authority sets fees for the work done

4

before it; thus, the court does not make fee awards for work at the agency level, and the commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

The provision of the Social Security Act which limits the fees that may be awarded to attorneys who successfully represent Social Security benefits claimants in court to twenty-five percent of past-due benefits does not displace contingent fee agreements that are within the statutory ceiling.  Rather, the provision instructs courts to review for reasonableness fees yielded by such agreements.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 793-794 (2002).   Fees may be reduced based on the character of the representation and the results achieved.  *Gisbrecht*, 535 U.S. at 808.  If an attorney who successfully represents a Social Security benefits claimant is responsible for delay, a reduction of attorney fees under the contingency agreement is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  *Id*.  If the benefits received by a Social Security claimant are large in comparison to the amount of time claimant's counsel spent on the case, a downward adjustment of attorney fees under the contingency agreement is in order.  *Id.*

## ANALYSIS

In light of § 406(b) and the fee agreement between Plaintiff and his counsel whereby Plaintiff authorized counsel to apply for a reasonable fee to a maximum percentage of 25% of the past due benefits, the Commissioner has withheld twenty-five percent of Plaintiff's past due award in the amount of $17,881.00.  Plaintiff's counsel seeks $17,881.00, and states she will refund $5,506.20 to Plaintiff, representing the amount she was already awarded under the Equal Access to Justice Act.

In determining the reasonableness of attorney's fees in social security cases, district courts have applied the "2.8 factor" that first appeared in *Whitehead v. Barnhart*, 2006 WL 910004, at *2 (W.D. Mo. April 7, 2006). In *Whitehead*, plaintiff's counsel argued that based on statistics used in *Gisbrecht,* a plaintiff has about a 36% chance of establishing entitlement to benefits after filing suit, thus an attorney should charge a winning client a contingent fee that is 2.8 times higher than the fee he charges a client paying on a noncontingent basis to offset for the lack of compensation in cases he loses. The *Whitehead* court agreed that 2.8 was a reasonable factor and held that a contingency rate of $373.10, which was the equivalent to a noncontingency rate of $133.27, was reasonable*. Id.*; *and see Burton v. Astrue*, 2011 WL 5117655 (W.D. Mo. Oct. 26, 2011) (finding $392.00, which was the equivalent to a noncontingency rate of $140.00, was reasonable); *see also DeQuinze v. Astrue*, 2011 WL 5977999 (D.Colo. Nov. 29, 2011) (finding that tripling a noncontingency hourly rate of $175.58 was appropriate for calculating attorney's fees).

Here, Plaintiff was previously awarded attorney's fees pursuant to the Equal Access to Justice Act at an hourly rate of $171.00 for 32.2 hours. [Doc. No. 29.] The Court finds this hourly rate is reasonable. Multiplying this amount by 2.8 to reflect the risk of taking this case on a contingency fee basis yields an hourly rate of $478.80, which the Court also finds reasonable. Therefore, reasonable attorney's fees in this matter amount to 32.2 hrs. x $478.80 = $15,417.36.[3]

---

[3] The Court considered the impact of Plaintiff's counsel's delay in filing Plaintiff's opening briefs; however, the Court's calculation is based strictly on Plaintiff's counsel's hourly rate which is not altered or impacted by the delay.

## CONCLUSION

For the reasons discussed above, the Court finds that $15,417.36 is a reasonable award of attorney's fees in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Counsel's Application for Attorney Fees From Past-Due Benefits Pursuant to FRCP 60(b)(6) and 42 U.S.C. § 406(b)(1) is granted in part.  Plaintiff is awarded payment of $15,417.36 in attorney's fees pursuant to 42 U.S.C. § 406(b).[4]

**IT IS FURTHER ORDERED** that Counsel shall refund to her client, Alan M. Dominguez, the sum of $5,506.20 in fees awarded under the Equal Access to Justice Act.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge,**
**Presiding by Consent**

---

[4] The Social Security Administration has retained $17,881.00, representing twenty-five (25%) of the claimant's total past due award, in order to pay any attorney's fees approved pursuant to 42 U.S.C. § 406(b).  The Court has approved $15,417.36 in attorney's fees.  It follows that the remaining balance of $2,463.64 is retained by Plaintiff as part of his past-due benefits award.

7